**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BARBARA STONE, ROBERT SARHAN, & LESA M. MARTINO,     *Plaintiffs*,<br><br>v.<br><br>DONALD TRUMP & RICHARD BLUMENTHAL,     *Defendants*. | No. 3:20-cv-537 (VAB) |

**ORDER TO SHOW CAUSE**

Barbara Stone, Robert Sarhan, and Lesa Martino ("Plaintiffs") filed this Complaint against United States President Donald Trump and United States Senator for the State of Connecticut Richard Blumenthal ("Defendants"). Plaintiffs appear to all reside in Florida and allege claims based on events that occurred in Florida.

Because, on the face of the Complaint, Defendants appear to be entitled to absolute legislative immunity, the Court orders Plaintiffs to show cause as to why this case should not be dismissed by filing a written response to this Order by **May 29, 2020**.[1]

**I.     BACKGROUND**

On October 28, 2017, President Trump signed into law the Elder Abuse Prevention and Prosecution Act, Pub. L. 115-70, 131 Stat 1208 (Oct. 18, 2017) (codified at 34 U.S.C. § 21701 *et seq.*). The bill was introduced by Senator Chuck Grassley of Iowa on January 20, 2017, and its

---

[1] Although the Court will not address it at this time, there also is a serious question as to whether this Court has personal jurisdiction over Defendants. For a court "[t]o exercise personal jurisdiction lawfully, three requirements must be met: 'First, the plaintiff's service of process upon the defendant must have been procedurally proper. Second, there must be a statutory basis for personal jurisdiction that renders such service of process effective. . . . Third, the exercise of personal jurisdiction must comport with constitutional due process principles.'" *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 327–28 (2d Cir. 2016) (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59–60 (2d Cir. 2012) (footnotes and internal citations omitted), *certified question accepted sub nom. Licci v. Lebanese Canadian Bank*, 967 N.E.2d 697 (N.Y. 2012), *and certified question answered sub nom. Licci v. Lebanese Canadian Bank*, 984 N.E.2d 893 (N.Y. 2012)).

1

original co-sponsors included Senator Blumenthal. *See* S. Rept. 119-9 at 6–7, 115th Cong., 1st Sess. (Mar. 23, 2017).

On April 21, 2020, Plaintiffs filed a Complaint against Donald Trump, individually and in his capacity as President of the United States, and Richard Blumenthal, individually and in his capacity as United States Senator for the State of Connecticut. Compl., ECF No. 1 (Apr. 21, 2020). They allege that President Trump issued "a corrupt, illegal, void, deceptive executive order that enables a sham, devious, deceptive bill . . . sponsored by [Senator] Blumenthal," referring to the Elder Abuse Prevention and Prosecution Act. Compl. ¶ 46. They allege that this bill covers up what Plaintiffs call "the Guardian Human Trafficking/Corruption Racket." *Id.*

Plaintiffs allege that "massive human rights violations [are] taking place in the 'guardian racket,' an organized crime racket run through American courts by corrupt judges, attorneys[,] and guardians known as the 'Probate Mafia' where America's seniors and vulnerable adults are murdered and their life savings embezzled." *Id.* ¶ 3. They allege further:

> All across Florida, its vulnerable citizens who have the highest protection under American law are instead targeted, kidnapped, illegally stripped of their rights[,] and forcibly disappeared by simulated Florida actors in an organized crime racket operated by dirty bribe-infested courts they coin "guardianship." Their sole agenda is to extort and embezzle the assets of these vulnerable adults under the pretense of "fees" by inciting and staging litigation in a sham court proceeding to transfer their life savings to racketeering judges, attorneys, guardians and their cohorts.

*Id.* ¶¶ 7–8.

Plaintiffs allege that Ms. Stone's mother and Mr. Sarhan's mother were "murdered by a judge in collusion with his crony racketeers in the guardian human trafficking/corruption racket and her life savings embezzled after they futilely pleaded for courts and law enforcement throughout the state of Florida[.]" *Id.* ¶ 23. They allege that Ms. Martino's father "has been

kidnapped by the human trafficking/corruption racket and his life savings ha[ve] been looted," and that she "does not even know if her father is alive." *Id.* ¶ 24. They allege that they face retaliation "for exposing and reporting the guardian human trafficking/corruption racket." *Id.* ¶ 27.

Plaintiffs allege that "Defendant Donald Trump and Defendant Richard Blumenthal are well aware of, an integral part of and protect the deadly Guardian Human Trafficking/Corruption Racket." *Id.* ¶ 39. They allege that Defendants have received government reports about the alleged guardianship racket but "did nothing," and that Plaintiffs themselves have sent Defendants letters requesting help which Defendants have ignored. *Id.* ¶¶ 40–42. Plaintiffs allege that President Trump issued "a corrupt, illegal, void, deceptive executive order that enables a sham, devious, deceptive bill . . . sponsored by [Senator] Blumenthal [ ] that covers up the Guardian Human Trafficking/Corruption Racket while pretending to safeguard the fundamental rights to life, liberty and property of America's seniors." *Id.* ¶ 46. They allege that President Trump and Senator Blumenthal "are violating the Constitution; violating their oath of office; obstructing justice; violating the public trust; aiding the enemies who are violating the Constitution and committing treason, rebellion and insurgence against the Constitution." *Id.* ¶ 75.

Plaintiffs allege claims against President Trump and Senator Blumenthal of "gross public servant criminal negligence and malpractice and violation of oath of office," and wrongful death; as well as claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.A. § 1964; 42 U.S.C. § 1983; the Americans with Disabilities Act, 42 U.S.C. § 12134; and the Hobbs Act, 18 U.S.C. § 1951. *Id.* ¶¶ 780–947. As relief, Plaintiffs seek damages and request President Trump to issue various Executive Orders. *Id.* ¶¶ 994–995.

Plaintiffs have filed a number of motions since filing their Complaint, seeking various kinds of preliminary relief. Mot. to File Electronically, ECF No. 10 (Apr. 28, 2020); Emergency Mot. for Court to Order Service of Process, ECF No. 11 (Apr. 28, 2020); Sealed Mot. to Seal, ECF No. 12 (Apr. 28, 2020); Sealed Emergency Mot. for a Hearing, ECF No. 13 (Apr. 28, 2020); Emergency Mot. for Emergency Resp., ECF No. 16 (May 5, 2020); Emergency Mot. for Emergency Relief and for Statement of No Conflict, ECF No. 18 (May 7, 2020).

On May 7, 2020, the Court issued an order noting its intention to address the numerous motions filed accordingly. Order, ECF No. 17 (May 7, 2020) ("ORDER: This recently filed case has been transferred to this Judge. The Court will begin addressing pending motions.").

## II.   STANDARD OF REVIEW

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (citations omitted).

## III.   DISCUSSION

"Legislators are entitled to absolute immunity from civil liability for their legislative activities." *Harhay v. Town of Ellington Bd. of Educ.*, 323 F.3d 206, 210 (2d Cir. 2003). "This immunity attaches to all legislative actions, even if taken by members of an executive branch of government." *NRP Holdings LLC v. City of Buffalo*, No. 11-CV-472S, 2017 WL 745860, at *6 (W.D.N.Y. Feb. 27, 2017) (citing *Bogan, v. Scott-Harris*, 523 U.S. 44, 54–55 (1998)), *aff'd*, 916 F.3d 177 (2d Cir. 2019).

"Under the Supreme Court's functional test of absolute legislative immunity, whether immunity attaches turns not on the official's identity, or even on the official's motive or intent, but on the nature of the act in question." *Almonte v. City of Long Beach*, 478 F.3d 100, 106 (2d Cir. 2007). Legislative immunity shields an official from liability if the act in question was

undertaken "'in the sphere of legitimate legislative activity'" and is the sort of "broad, prospective policymaking that is characteristic of legislative action." *Harhay*, 323 F.3d at 210–11 (quoting *Bogan*, 523 U.S. at 55).

In their 130-page Complaint, to the extent that it refers specifically to Defendants, President Trump and Senator Blumenthal, Plaintiffs only allege that Senator Blumenthal co-sponsored the Elder Abuse Prevention and Prosecution Act, that President Trump signed the same Act, and that President Trump issued an unspecified Executive Order. Compl. ¶ 46. But these are legislative acts, for which Defendants are absolutely immune from suit. *See Harhay*, 323 F.3d at 210–11 (articulating the rule established by the United States Supreme Court that legislative immunity shields an official from liability if the act in question was undertaken "in the sphere of legitimate legislative activity" and is the sort of "broad, prospective policymaking that is characteristic of legislative action" (internal citation and quotation marks omitted)).

Without a showing that Defendants are not absolutely immune from this lawsuit, the Court may dismiss the Complaint. *See McGinty v. New York*, 251 F.3d 84 (2d Cir. 2001) (affirming a district court's dismissal of a complaint *sua sponte* upon a finding that sovereign immunity barred the claims).

Accordingly, before this lawsuit may proceed any further, Plaintiffs must show cause as to why this Complaint should not be dismissed because of the Defendants' absolute legislative immunity.

### IV.  CONCLUSION

For the foregoing reasons, the Court orders Plaintiffs to show cause as to why this Complaint should not be dismissed because Defendants are shielded by absolutely legislative immunity.

Plaintiffs are directed to submit a response to this Order to Show Cause by **May 29, 2020**.

**SO ORDERED** at Bridgeport, Connecticut, this 11th day of May, 2020.

                                                    /s/ Victor A. Bolden  
                                                    Victor A. Bolden  
                                                    United States District Judge