UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BARBARA STONE, ET AL.,
    *Plaintiffs*,

v.

DONALD TRUMP AND RICHARD
BLUMENTHAL,
    *Defendants.*

No. 3:20-cv-537 (VAB)

**RULING AND ORDER ON MOTIONS TO ADD DEFENDANTS**

Barbara Stone, Robert Sarhan, and Lesa Martino ("Plaintiffs") sued Donald Trump, President of the United States, and Richard Blumenthal, United States Senator for the State of Connecticut ("Defendants") on April 21, 2020. Compl., ECF No. 1 (Apr. 21, 2020).

The Court then issued an Order to Show Cause as to why the case should not be dismissed because Defendants appear to be entitled to absolute immunity. Order to Show Cause, ECF No. 20 (May 11, 2020).

Plaintiffs have now filed a motion to add the undersigned as a defendant in this case, Emergency Second Suppl. to Compl. to add Victor A. Bolden as a Def., ECF No. 23 (May 29, 2020) ("Mot. to Add Victor A. Bolden"); as well as a motion to add William Barr, Attorney General of the United States, as a defendant in this case, Emergency Fifth Suppl. to Compl. to Add William Barr as a Def., ECF No. 25 (May 29, 2020) ("Mot. to Add William Barr").

For the following reasons, the motions to add defendants are both **DENIED.**

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

The Court assumes familiarity with the background in this case. *See* Order to Show Cause; Order Denying Mot. to Disqualify, ECF No. 33 (June 11, 2020).

1

As relevant to this motion, Plaintiffs allege that President Trump issued "a corrupt, illegal, void, deceptive executive order that enables a sham, devious, deceptive bill . . . sponsored by [Senator] Blumenthal," referring to the Elder Abuse Prevention and Prosecution Act, Compl. ¶ 46, which was signed into law on October 28, 2017, Pub. L. 115-70, 131 Stat 1208 (Oct. 18, 2017) (codified at 34 U.S.C. § 21701 *et seq.*). They allege that this bill covers up what Plaintiffs call "the Guardian Human Trafficking/Corruption Racket." Compl. ¶ 46.

On May 11, 2020, the Court issued an order for Plaintiffs to show cause as to why this case should not be dismissed by May 29, 2020, because, on the face of the Complaint, Defendants appear to be entitled to absolute legislative immunity. Order to Show Cause.

On May 29, 2020, Plaintiffs filed a response, ECF No. 22, along with multiple other filings, ECF Nos. 23–31. These filings included a motion to add William Barr as well as the undersigned judge, Mot. to Add William Barr; Mot. to Add Victor Bolden; and a motion for the undersigned to recuse or disqualify himself under 28 U.S.C. §§ 144 and 455, Emergency Motion to Disqualify Victor A. Bolden, ECF No. 27 (May 29, 2020) ("Mot. to Disqualify").

On June 11, 2020, the Court denied Plaintiffs' motion to disqualify. Order Denying Mot. to Disqualify.

II.     **STANDARD OF REVIEW**

Under Rule 20 of the Federal Rules of Civil Procedure, a defendant may be added if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [] (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)(B). Thus, "joinder under Rule 20 requires, in addition to a common question of law

or fact, that the plaintiffs assert a right to relief arising from 'the same transaction[ ] [or] occurrence[ ].'" *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 520 (2d Cir. 2020).

To determine whether allegations are part of the same "transaction or occurrence," courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. 2013) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)).

### III. DISCUSSION

"Although courts have interpreted Rule 20(a)(2) liberally to allow related claims to be tried within a single proceeding, 'the mere allegation' that a plaintiff was injured by all of the defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)[.]" *Robinson v. Page*, No. 18-CV-12233 (LLS), 2019 WL 2209237, at *3 (S.D.N.Y. May 20, 2019) (quoting *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009)) (citing *Rubber Prod. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126–27 (2d Cir. 1970)).

Plaintiffs seek to add United States District Judge Victor A. Bolden as a defendant because he allegedly "deliberately delayed and obstructed Plaintiffs['] attempts to obtain relie[f.]" Mot. to Add Victor Bolden ¶ 26. They allege that the undersigned "orchestrated a delay tactic, disingenuously issuing an order stating he was going to address Plaintiffs['] motions," "issued illegal void orders on May 11, 2020" which allegedly "have deliberately caused even massively greater harm to Plaintiffs," and "is illegally using America's judicial system as a machine to advance his own agenda." *Id.* ¶¶ 27–29, 31.

3

Plaintiffs also seek to add the Attorney General of the United States, William Barr, as a defendant because he is allegedly "complicit in and an accomplice to the Guardian Human Trafficking/Corruption Racket" described in the Complaint, and he allegedly "has deliberately, intentionally[,] and criminally failed to enforce the laws when these crimes take place by 'public servants' and 'officers of the court' including judges and attorneys." Mot. to Add William Barr ¶¶ 1, 4.[1]

The Court will deny both motions.

As explained in the Court's Order to Show Cause, Plaintiffs, as detailed in their 130-page Complaint, only specifically allege that Senator Blumenthal co-sponsored a bill, that ultimately became law, following its signing by President Trump. *See* Order to Show Cause at 5. This federal legislation is the root of the alleged evils complained of by Plaintiffs. Compl. ¶ 46 ("[B]y his issuing a corrupt, illegal, void, deceptive executive order that enables a sham, devious, deceptive bill . . . sponsored by Defendant Richard Blumenthal . . . that covers up the Guardian Human Trafficking/Corruption Racket while pretending to safeguard the fundamental rights to life, liberty and property of America's seniors, Defendant Donald Trump has evidenced his collusion in the Guardian Human Trafficking Racket." (citing Pub. L. 115-70)).

But this judge had no role in the enactment of the underlying legislation giving rise to this lawsuit. Indeed, under the United States Constitution, neither this judge nor any other federal judge could have had a role in it. *See* U.S. Const. art. I sec. 8 ("The Congress shall have Power . .

---

[1] Plaintiffs also state that they "hereby formally file criminal charges against Defendant William Barr . . . ." Mot. to Add William Barr ¶ 8. But private citizens cannot file criminal charges. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375 (2d Cir. 1973) ("[O]nly the Attorney General or a U.S. attorney may initiate a [federal] criminal prosecution in federal district court[.]"); *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86–87 (2d Cir. 1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints.").

4

. [t]o make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof."); U.S. Const. art. I sec. 7 ("Every Bill which shall have passed the House of Representatives and the Senate, shall, before it become a Law, be presented to the President of the United States; If he approve he shall sign it[.]"); U.S. Const. art. II sec. 1 ("The executive Power shall be vested in a President of the United States of America[.]").

Centuries ago, the United States Supreme Court described this country's governmental system this way: "[The Constitution] organizes the government, and assigns, to different departments, their respective powers, . . . establish[ing] certain limits not to be transcended by those departments. . . . It is emphatically the province and duty of the judicial department to say what the law is." *Marbury v. Madison*, 5 U.S. 137, 176–77 (1803); *see* U.S. Const. art. III sec. 1 ("The judicial Power of the United States, shall be vested in one supreme Court"). Having had no role in the underlying legislation giving rise to this lawsuit, this judge cannot provide any relevant evidence or otherwise serve as a witness in this case. *See* Fed. R. Evid. 401(b) ("Evidence is relevant if . . . the fact is of consequence in determining the action."); *see also* Fed. R. Evid. 605 ("The presiding judge may not testify as a witness at the trial.").

In any event, Plaintiffs have provided no factual basis whatsoever for their allegations that this Court is participating in the same alleged "human trafficking/corruption racket" of which they accuse Defendants or that this Court has "deliberately delayed and obstructed Plaintiffs['] attempts to obtain relie[f]." Mot. to Add Victor Bolden at 4. Nor have they provided any factual or legal basis for their assertion that this Court's issuance of an order to show cause as to why the case should not be dismissed based on Defendants' apparent immunity, Order to

Show Cause, is illegal or void. Similarly, Plaintiffs have not presented any factual allegations in support of their broad claims that Attorney General Barr is complicit in the same alleged racket or has failed to enforce any laws.

Plaintiffs' vague and speculative allegations fail to show any common question of fact or law and therefore cannot support a motion to join the proposed defendants. *See Carilli v. Semple*, No. 3:19-cv-01922 (JAM), 2020 WL 2097741, at *4 (D. Conn. May 1, 2020) ("[T]he few coherent parts of the complaint generally make broad-based, conclusory allegations about defendants' responsiveness to [plaintiff's] various medical needs over the course of five years at two different prisons. It is clear that there are no common questions of law or fact that tie all these alleged wrongs against all the defendants together, apart from [plaintiff's] core thematic contention that the system as a whole has failed him."); *Robinson*, 2019 WL 2209237, at *3 ("[B]ecause Plaintiff's complaint and other submissions lack sufficient relevant details, Plaintiff has also failed to show why, under Rule 20, all of the defendants are properly joined.").

Just as importantly, these vague and conclusory allegations could not result in viable legal claims. *See* Fed. R. Civ. P. 8(a)(2) (A complaint "must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level," must offer more than "labels and conclusions" or "naked assertion[s]" devoid of "further factual enhancement," and must be sufficient "to state a claim to relief that is plausible on its face."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

As a result, they would have to be dismissed even if this judge or the current Attorney General could be added to this lawsuit. *See Twombly*, 550 U.S. at 570 ("Because plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

### IV.    CONCLUSION

For the reasons explained herein, the Court denies Plaintiffs' motions to add Victor A. Bolden and William Barr as defendants in this case.

**SO ORDERED** at Bridgeport, Connecticut, this 11th day of June, 2020.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge