UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BARBARA STONE, ROBERT SARHAN, &
LESA M. MARTINO,
    *Plaintiffs*,

v.

DONALD TRUMP & RICHARD
BLUMENTHAL,
    *Defendants*.

No. 3:20-cv-537 (VAB)

**ORDER DISMISSING CASE**

Barbara Stone, Robert Sarhan, and Lesa Martino ("Plaintiffs") filed this Complaint against Donald Trump, the President of the United States, and Richard Blumenthal, a United States Senator for the State of Connecticut ("Defendants").

Because, on the face of the Complaint, Defendants appear to be entitled to absolute legislative immunity, the Court issued an order for Plaintiffs to show cause as to why this case should not be dismissed by May 29, 2020. Order to Show Cause, ECF No. 20 (May 11, 2020).

For the reasons explained below, the Court now **DISMISSES** this case.

### I.    BACKGROUND

The Court assumes familiarity with the background in this case. *See* Order to Show Cause.

In brief, Plaintiffs allege that President Trump issued "a corrupt, illegal, void, deceptive executive order that enables a sham, devious, deceptive bill . . . sponsored by [Senator] Blumenthal," referring to the Elder Abuse Prevention and Prosecution Act, Compl. ¶ 46, which was signed into law on October 28, 2017, Pub. L. 115-70, 131 Stat 1208 (Oct. 18, 2017) (codified at 34 U.S.C. § 21701 *et seq.*). They allege that this bill covers up what Plaintiffs call "the Guardian Human Trafficking/Corruption Racket." Compl. ¶ 46. They also allege generally

1

that President Trump and Senator Blumenthal are aware of and participating in this wide-reaching "guardian human trafficking/corruption racket," which they allege involves numerous judges, attorneys, and guardians throughout the country, including in Florida, where Plaintiffs appear to reside. *Id.* ¶¶ 3–75.

Plaintiffs allege claims against President Trump and Senator Blumenthal of "gross public servant criminal negligence and malpractice and violation of oath of office," and wrongful death; as well as claims under 42 U.S.C. § 1983; the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.A. § 1964; the Americans with Disabilities Act, 42 U.S.C. § 12134; and the Hobbs Act, 18 U.S.C. § 1951. *Id.* ¶¶ 780–947. As relief, Plaintiffs seek damages and request President Trump to issue various Executive Orders. *Id.* ¶¶ 994–995.

Plaintiffs have filed numerous motions seeking various kinds of preliminary relief. *See* ECF Nos. 10–18.

On May 11, 2020, the Court issued an order for Plaintiffs to show cause by May 29, 2020, as to why this case should not be dismissed because, on the face of the Complaint, Defendants appear to be entitled to absolute legislative immunity. Order to Show Cause.

On May 29, 2020, Plaintiffs filed a response to the Order to Show Cause. Resp. to Order to Show Cause, ECF No. 22 (May 29, 2020).

On May 29, 2020, Plaintiffs also filed multiple other filings, ECF Nos. 23–31. These filings include a motion to add this judge as a defendant, Emergency Second Suppl. to Compl. to add Victor A. Bolden as a Def., ECF No. 23 (May 29, 2020) ("Mot. to Add Victor A. Bolden"); a motion to add William Barr, Attorney General of the United States, as a defendant in this case, Emergency Fifth Suppl. to Compl. to Add William Barr as a Def., ECF No. 25 (May 29, 2020) ("Mot. to Add William Barr"); and a motion for the undersigned to recuse or disqualify himself

under 28 U.S.C. §§ 144 and 455, Emergency Motion to Disqualify Victor A. Bolden, ECF No. 27 (May 29, 2020) ("Mot. to Disqualify").

On June 11, 2020, the Court denied Plaintiffs' motion to disqualify. Order Denying Mot. to Disqualify, ECF No. 33 (June 11, 2020).

On June 11, 2020, the Court also denied the motions to add U.S. District Court Judge Victor A. Bolden and U.S. Attorney General William Barr. Order Denying Mots. to Add Defs., ECF No. 34 (June 11, 2020).

## II. STANDARD OF REVIEW

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (citations omitted). District courts also "may dismiss a frivolous complaint *sua sponte*[.]" *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (dismissing, *sua sponte*, *pro se* plaintiffs' complaint that failed to remedy allegations previously dismissed as frivolous). "'An action is "frivolous" when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory.'" *Pierce v. Putnam Police Dep't*, No. 3:13-cv-01214 (JAM), 2015 WL 9245836, at *2 (D. Conn. July 29, 2015) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)).

## III. DISCUSSION

"Legislators are entitled to absolute immunity from civil liability for their legislative activities." *Harhay v. Town of Ellington Bd. of Educ.*, 323 F.3d 206, 210 (2d Cir. 2003). "This immunity attaches to all legislative actions, even if taken by members of an executive branch of government." *NRP Holdings LLC v. City of Buffalo*, No. 11-CV-472S, 2017 WL 745860, at *6

(W.D.N.Y. Feb. 27, 2017) (citing *Bogan*, *v. Scott-Harris*, 523 U.S. 44, 54–55 (1998)), *aff'd*, 916 F.3d 177 (2d Cir. 2019).

"Under the Supreme Court's functional test of absolute legislative immunity, whether immunity attaches turns not on the official's identity, or even on the official's motive or intent, but on the nature of the act in question." *Almonte v. City of Long Beach*, 478 F.3d 100, 106 (2d Cir. 2007). Legislative immunity shields an official from liability if the act in question was undertaken "'in the sphere of legitimate legislative activity'" and is the sort of "broad, prospective policymaking that is characteristic of legislative action." *Harhay*, 323 F.3d at 210–11 (quoting *Bogan*, 523 U.S. at 55).

In their 130-page Complaint, as to the Defendants, President Trump and Senator Blumenthal, Plaintiffs only allege that Senator Blumenthal co-sponsored the Elder Abuse Prevention and Prosecution Act, that President Trump signed the same Act, and that President Trump issued an unspecified Executive Order. Compl. ¶ 46. But these are legislative acts, for which Defendants are absolutely immune from suit.

The Supreme Court has long recognized that "[l]egislators are immune from deterrents to the uninhibited discharge of their legislative duty, not for their private indulgence but for the public good." *Tenney v. Brandhove*, 341 U.S. 367, 377 (1951) ("One must not expect uncommon courage even in legislators. The privilege would be of little value if they could be subjected to the cost and inconvenience and distractions of a trial upon a conclusion of the pleader, or to the hazard of a judgment against them based upon a jury's speculation as to motives."). In doing so, the Supreme Court reasoned that "[i]n times of political passion, dishonest or vindictive motives are readily attributed to legislative conduct and as readily believed. Courts are not the place for

such controversies. Self-discipline and the voters must be the ultimate reliance for discouraging or correcting such abuses." *Id.* at 378.

The Second Circuit accordingly has recognized that legislative immunity shields an official from liability if the act in question was undertaken "in the sphere of legitimate legislative activity" and is the sort of "broad, prospective policymaking that is characteristic of legislative action." *Harhay*, 323 F.3d at 210–11 (internal citation and quotation marks omitted); *see also Carlos v. Santos*, 123 F.3d 61, 66 (2d Cir. 1997) ("There has long been recognized an absolute legislative immunity exception to § 1983 liability for individuals.").

Rather than argue that absolute legislative immunity does not bar their claims against Defendants, Plaintiffs assert that immunity is a void concept: "The self-created and designed preposterous notion of 'immunity' that is being used to protect corrupt public servants from murder, mayhem, madness[,] and all forms of immoral activities is the creation of imposter public officials acting in treason and sedition against the Constitution[.]" Resp. to Order to Show Cause at 2. Plaintiffs reiterate broad allegations in their Complaint against "judges, attorneys and guardians" across the country relating to an alleged "guardianship racket." *Id.* at 3. They assert further that by raising the issue of legislative immunity, the Court "is thereby acting . . . as attorney for his benefactor, Defendant [Senator] Blumenthal[,] by providing him with purported 'defenses.'" *Id.*

The Court disagrees.

Quite simply, Plaintiff's view of absolute legislative immunity has no basis in law. *See Tenney*, 341 U.S. at 377 ("In times of political passion, dishonest or vindictive motives are readily attributed to legislative conduct and as readily believed. Courts are not the place for such controversies."). Although "legislative immunity is not a jurisdictional bar, but is rather a

personal defense that may be asserted to challenge the sufficiency of a complaint," *State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007); a Senator's act of co-sponsoring a bill, and the President's act of signing a bill into law, are quintessentially legislative, *see Bogan*, 523 U.S. at 55 ("[City councilmember's] acts of voting for an ordinance were, in form, quintessentially legislative," and "[Mayor's] introduction of a budget and signing into law an ordinance also . . . were legislative because they were integral steps in the legislative process." (citing *Edwards v. United States*, 286 U.S. 482, 490 (1932) (noting "the legislative character of the President's function in approving or disapproving bills")).

The Complaint's factual allegations make their legally baseless position abundantly clear. Their only specific allegations against the named defendants, President Trump and Senator Blumenthal, are those regarding legislation that Senator Blumenthal co-sponsored and President Trump signed into law. Compl. ¶ 46 ("[B]y his issuing a corrupt, illegal, void, deceptive executive order that enables a sham, devious, deceptive bill . . . sponsored by Defendant Richard Blumenthal . . . that covers up the Guardian Human Trafficking/Corruption Racket while pretending to safeguard the fundamental rights to life, liberty and property of America's seniors, Defendant Donald Trump has evidenced his collusion in the Guardian Human Trafficking Racket." (citing Pub. L. 115-70)).

Just as importantly, as the Court explained in its ruling denying Plaintiffs' motions to add this judge and United States Attorney General William Barr as defendants, Order Denying Mots. to Add Defs. at 6, Plaintiffs' Complaint is rife with vague and conclusory allegations which cannot possibly result in viable legal claims. *See* Fed. R. Civ. P. 8(a)(2) (A complaint "must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) ("Factual allegations must

be enough to raise a right to relief above the speculative level," must offer more than "labels and conclusions" or "naked assertion[s]" devoid of "further factual enhancement," and must be sufficient "to state a claim to relief that is plausible on its face."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[D]istrict courts may dismiss a frivolous complaint *sua sponte*[.]" *Fitzgerald*, 221 F.3d at 364 (dismissing, *sua sponte*, *pro se* plaintiffs' complaint that failed to remedy allegations previously dismissed as frivolous). "'An action is "frivolous" when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory.'" *Pierce*, 2015 WL 9245836, at *2 (quoting *Livingston*, 141 F.3d at 437).

As a result, this Court need not—and in this case, definitely should not—prolong this litigation any further. Plaintiffs' allegations consist of rampant speculation and wholly unsupported conclusions insufficient to state a claim. *See Twombly*, 550 U.S. at 570 ("Because plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). Plaintiffs' entire lawsuit also is based on a meritless legal theory. *See Pierce*, 2015 WL 9245836, at *2 (dismissing a complaint *sua sponte* "because it relies on an indisputably meritless theory of law"); *see also Dietz*, 136 S. Ct. at 1892 ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

7

Accordingly, having provided Plaintiffs notice of the Court's intent to dismiss their case as barred by absolute legislative immunity, and the Plaintiffs having failed to show that the case should not be dismissed, the Court will dismiss the Complaint *sua sponte*. *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001) ("A district court should not dismiss an action pending before it without first providing the adversely affected party with notice and an opportunity to be heard." (citing *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000))); *see also id.* (affirming a district court's dismissal of a complaint *sua sponte* upon a finding that sovereign immunity barred the claims).

Given this lawsuit's lack of merit, as further demonstrated by their two attempts thus far to amend their pleadings to add parties, this Court further finds that permitting any further amendment would be futile and thus, dismisses this case with prejudice.[1] *See Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009) ("[A] court may deny an opportunity to amend 'when amendment would be futile.'"); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (affirming dismissal with prejudice "[w]here it appears that granting leave to amend is unlikely to be productive, . . ."); *Pierce*, 2015 WL 9245836, at *2 ("Because it would be futile for plaintiff to amend his complaint again, this dismissal is with prejudice.").

---

[1] Significantly, when given the opportunity to argue that legislative immunity does not bar this suit, rather than do so, Plaintiffs instead have compounded the frivolousness of this lawsuit by filing additional and equally baseless motions. *See, e.g.*, Order Denying Mot. to Recuse at 7 (Plaintiffs' argument for this Court's disqualification "lacks merit and [] underscores a profound misunderstanding of the basic structure of the American government."); Order Denying Mots. to Add Defs. at 5 ("Plaintiffs have provided no factual basis whatsoever for their allegations that this Court is participating in the same alleged 'human trafficking/corruption racket' of which they accuse Defendants or that this Court has 'deliberately delayed and obstructed Plaintiffs' attempts to obtain relief.'" (internal citation and alterations omitted)). This Complaint as well as these additional filings raise concerns not just about this lawsuit's merits, but also about its purpose. *Cf.* Fed. R. Civ. P. 11(b)(1) (requiring that even "unrepresented parties" when "presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it" not have "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.").

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses this Complaint with prejudice.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of June, 2020.

                                              /s/ Victor A. Bolden
                                             Victor A. Bolden
                                             United States District Judge